## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| DANNY ARMANDO MENDOZA-LOOR, | : : : | CIV. NO.  23-2263 (RMB) |
| Petitioner, | : : | |
| v. | : | **MEMORANDUM OPINION** |
| WARDEN OF FCI FORT DIX, | : : | |
| Respondent. | : : | |

Before the Court is Petitioner Danny Armando Mendoza-Loor's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1). Petitioner was confined at FCI Fort Dix in New Jersey when he filed the petition on April 24, 2023. ECF No. 1. He sought immediate release from prison, arguing that the Federal Bureau of Prisons ("BOP") failed to apply appropriate First Step Act ("FSA") credits to the calculation of his release date. ECF No. 10 at 2–3. Respondent answered in August 2023, arguing that the petition should be dismissed or denied because Petitioner (1) failed to exhaust administrative remedies, and (2) is statutorily ineligible for FSA credits toward an early release because he is subject to a final order of removal. ECF No. 9 at 13–15. Petitioner replied in September 2023. ECF No. 10. According to the BOP's inmate locator database, Petitioner was released from prison on November 9, 2023. *See* https://www.bop.gov/inmateloc/ (search "Danny Armando Mendoza-Loor"; last visited Jan. 12, 2024).

"Under Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir.

2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477–78). Accordingly, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996).

"Incarceration satisfies the case or controversy requirement." *Burkey*, 556 F.3d at 147. "Once a sentence has expired, however, some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Id.* To that end, a petitioner

> cannot show some concrete and continuing injury from the loss of good time credits. Good time credits do not function as a commutation of a sentence. Rather, "the only function of good time credits is to determine when, in the absence of parole, the prisoner is to be conditionally released on supervision. Once an offender is conditionally released from imprisonment, the good time earned during that period is of no further effect."

*Scott v. Holt*, 297 F. App'x 154, 156 (3d Cir. 2008) (internal alteration omitted) (quoting 28 C.F.R. § 2.35(b)).

Here, because Petitioner sought release from custody on the basis of good time credits, and he has already been released from BOP custody, he cannot show

continuing injury from the loss of FSA credit. Accordingly, his habeas corpus claims are moot. *See Denny v. Schultz*, 708 F.3d 140, 143 n.4 (3d Cir. 2013) ("Because Hernandez-Zapata has served the custodial portion of his criminal sentence and because he can suffer no collateral consequence or continuing injury from the loss of the forty days good time credit, we conclude that Hernandez-Zapata's claim is now moot.") (citing *Burkey*, 556 F.3d at 148); *Buczek v. Werlinger*, 513 F. App'x 126, 127–28 (3d Cir. 2013) ("We will dismiss the appeal as moot. . . . Buczek was released from custody . . . to serve his term of supervised release. Buczek sought in his habeas corpus petition only to have his Good Conduct Time restored. This is all the relief he requested. . . . [Buczek's] personal stake in the restoration of his Good Conduct Time is now absent from his case because of his release from prison. We are unable to fashion any form of meaningful relief and thus, whether or not his due process rights were violated (and we do not suggest that they were), the appeal is moot."); *Scott v. Schuykill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008) ("Scott's § 2241 petition is moot because it is not redressable by a favorable judicial decision. By the time the District Court had rendered its decision, Scott's sentence had ended and his supervised release had begun. Good time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself. Thus, once Scott served the entire term of imprisonment and was released upon its completion, his good time credits ceased to have any effect.") (citations omitted).

For the above reasons, the petition (ECF No. 1) will be dismissed as moot. Petitioner's motion opposing Respondent's request for an extension of time in which

to answer the petition (ECF No. 8)[1] will be denied as moot. An accompanying Order

follows.

DATE: January 16, 2024

RENÉE MARIE BUMB
**Chief United States District Judge**

---

[1] Respondent sought a 30-day extension to answer the petition, which the Court granted in June 2023. ECF Nos. 6, 7. Thereafter, in July 2023, Petition filed a document he called a "motion" opposing the request. ECF No. 8.

4